# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCKHILL DIVISION

| | |
|---|---|
| Michael Paul Buckmon, ) | |
| ) | Civil Action No.: 0:19-cv-00334-JMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Unit Manager Thomas Lasley, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Michael Paul Buckmon ("Buckmon") filed this *pro se* civil action against Defendant Thomas Lasley ("Lasley") pursuant to 42 U.S.C. § 1983, alleging that Lasley used excessive force against Buckmon in violation of his constitutional rights. (ECF No. 1.) Lasley argues that Buckmon failed to establish a constitutional violation, contends that he is shielded from liability under the doctrine of qualified immunity and therefore, moves the court to grant summary judgment as a matter of law. (ECF No. 70.)

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 4, 2020. (ECF No. 83.) Within the Report, the Magistrate Judge recommended that the court deny Lasley's Motion for Summary Judgment because "a reasonable jury could find that [D]efendant violated Buckmon's Eighth Amendment rights if it credited Buckmon's testimony . . ." and "genuine issues of material fact" regarding the cause of Buckmon's injuries preclude summary judgment. (ECF No. 83 at 8.) Lasley has timely filed specific objections to the Report whereby he contends that the Magistrate Judge erred in concluding (1) a reasonable jury could find that Lasley violated Buckmon's Eighth Amendment right if it credited Buckmon's testimony and (2) there were issues of fact regarding the severity and causes of Buckmon's injuries. (ECF No. 89.)

1

For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 83) and **DENIES** Lasley's Motion for Summary Judgment (ECF No. 70).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 83.) As brief background, Buckmon alleges that on the morning of September 25, 2018, while housed at Perry Correctional Institution, he was waiting to get a haircut when he became involved in a verbal disagreement with Defendant Captain Lasley. (ECF No. 1 at 3.) Lasley and Officer Criscola, who is not named as a defendant, then escorted Buckmon to his cell. Buckmon alleges that he was escorted in full restraints to include "handcuffs, shackles, [a] belly chain, and even a pull chain that keep[s] distance between officers and inmates." (ECF No. 1 at 6.) Buckmon alleges the officers pulled him, hurting his wrists, and admits that he "paused" for "a few seconds" as the officers were escorting him towards his cell. (*Id.*) Buckmon provides affidavit testimony that the officers then pulled him into his cell and slammed him onto the corner of the steel bed frame. (ECF No. 77-2 at 1.) Buckmon states that at this point he said to the officers that he would have his family "notify the Feds" if they hurt him. (ECF No. 1 at 7.) Buckmon alleges that, in response, Lasley became upset and, with the assistance of Officer Criscola, repeatedly threw him against the bed frame several times which, Buckmon alleges, broke his rib and injured his collarbone. (ECF No. 77-2 at 1.) Buckmon alleges that during this assault, he was fully restrained and not resisting the officers. (ECF No. 1 at 8.) He further avers that the officers stopped assaulting him when they heard other officers approaching Buckmon's cell. (ECF No. 77-2 at 1.)

On February 4, 2019, as a result of the alleged events, Buckmon filed this civil rights action, alleging claims of excessive force and official brutality in violation of the Eighth Amendment to the United States Constitution. (ECF No. 1.)

On September 11, 2019, Lasley filed his Motion for Summary Judgment. (ECF No. 70.) In contrast to Buckmon's claims of excessive force, Lasley "den[ies] the use of excessive force in dealing with a combative and uncooperative inmate Buckmon." (ECF No. 70-1 at 3.) Both officers indicate that they "used only such force as was necessary to place Buckmon in his cell and onto his bed." (*Id*.) Both officers "deny 'slamming' Buckmon against the steel portion of his bed." (*Id*.) Lasley described his version of events as follows:

> Lasley secured the back of Buckmon's left arm above his elbow and directed him to face forward and walk to his cell. Buckmon refused and stated "my family will get you." At that time, Officer Criscola secured the inmate's right arm above his elbow and assisted Captain Lasley in escorting Buckmon to his cell. Once they arrived at his cell, Buckmon refused to enter his cell as instructed. **The officers forcibly moved Buckmon into his cell and positioned him on his bed. Buckmon was instructed to calm down and cooperate and he complied. At that time, Buckmon's restraints were removed with no further incident.** After Buckmon was secured in his cell, medical was contacted and Nurse Robinson examined Buckmon at his cell. Buckmon did not make any complaint concerning his ribs or collarbone.

*Id*. (Emphasis added) (internal quotations omitted).

Further, Lasley asserts the defense of qualified immunity and claims that Buckmon has not created nor demonstrated any genuine issue of material fact as to the allegations because he has failed to establish the violation of a constitutional right. (*Id* at 8.) On October 7, 2019, Buckmon filed his Response in Opposition to Lasley 's Motion for Summary Judgment. (ECF No. 77.)

On March 4, 2020, the Magistrate Judge issued her Report, recommending that the court deny Lasley's Motion for Summary Judgment because credibility determinations are questions for the jury. (83 at 7.) Moreover, the Magistrate Judge determined that the explanations of the causations of Buckmon's injury are also a jury question as there is a dispute as to what Buckmon's medical records may reveal. (*Id.* at 8.)

Additionally, the Magistrate Judge concluded that Lasley rests his qualified immunity argument on one of two prongs of the qualified immunity analysis and does not address the

second.[1] (ECF No. 83 at 4) (citing *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). On March 19, 2020, Lasley objected to the Report and argued:

> (1) No reasonable jury could find in Plaintiff's favor based on the evidence before the [c]ourt.
>
> (2) The evidence before the [c]ourt demonstrates that Plaintiff's allegations regarding the cause and severity of his alleged injuries are false and do not rise to the level of a constitutional violation.

(ECF No. 89.)

On March 26, 2020, Buckmon filed a Reply to Lasley's Objections to the Report. (ECF No. 96.) The Magistrate Judge's Report is ripe for review.

## II.  STANDARD OF REVIEW

A.  <u>Report and Recommendation</u>

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The District Court Judge remains free to give the Magistrate Judge's recommendation whatever weight the District Court Judge decides it merits. *Mathews v. Weber*, 423 U.S. 261, 273 (1976). The authority and the responsibility to make an informed and final determination remain with the Judge. *Id.* at 271. The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

B.  <u>Motion for Summary Judgment</u>

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).

4

Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Furthermore, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *Id* at 248.

Additionally, Lasley must show that the materials cited do not establish a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. *Id*. The court needs to consider only cited materials. *Id*. The District Court Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72. "An objection that does nothing more than state a disagreement with a Magistrate Judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

### III. DISCUSSION

Lasley objects to the Magistrate Judge's conclusion that a reasonable jury could find that Lasley violated Buckmon's Eighth Amendment rights. (ECF No. 89.) Upon its review, the court finds that the Magistrate Judge properly concluded that, based on the facts before the court,

summary judgment is not appropriate because the parties present conflicting sworn testimonies of the September 25, 2018 incident.

The Magistrate Judge reasoned that it is not the court's role to assess the facts. (ECF No. 83 at 7) (citing *Mann v. Failey*, 578 F. App'x 267, 273 (4th Cir. 2014) ("It is well settled that we may not, at summary judgment, discount viable, material evidence on the ground that it was offered by a plaintiff with a troubled past") (citing *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (the court "may not make credibility determinations" in reviewing the record)).) The Magistrate Judge observed that Lasley's Motion seemed to rest largely on the premise that Buckmon's version of events should not be believed. (*Id.*)

Lasley's testimony directly conflicts with Buckmon's version of events. Lasley asserts that the evidence before the court demonstrates that Buckmon's allegations regarding the cause and severity of his alleged injuries are false and do not rise to the level of a constitutional violation. (ECF No. 89.) Lasley submits that no medical expert testimony is necessary and the x-ray report referencing a "healed" clavicle fracture, on its face, demonstrates that this fracture could not have occurred a mere four months earlier. (*Id* at 5.) However, Buckmon, in his affidavit, stated "his injuries were not a result of a six-year-old four-wheeler accident because he has been imprisoned for seven years." (ECF No. 96 at 4.) Buckmon also indicated that he was unable to receive a full examination after the incident and claims the Radiologist's readings are inaccurate. (*Id.* at 3- 4.) Lasley argues that the cause and severity of the inmate's alleged injuries are objectively refuted by the medical evidence and his own testimony. (ECF No. 89 at 7.) The Magistrate Judge observed that no medical expert testimony interpreting any of Buckmon's records had been provided by either party. (*Id.* at 8.) For these reasons, the Magistrate Judge decided that the competing explanations of the causations of Buckmon's injury were a question for the jury. (*Id.*)

6

Finally, the court observes Lasley presents similar arguments in his objections that were previously argued in his Motion for Summary Judgment. As to his first objection, (ECF No. 89 at 1) [2], Lasley merely restates his position and refers to the disputed evidence in his Memorandum in Support of Motion for Summary Judgment (ECF No. 70). In his second objection, Lasley asserts that Buckmon's alleged injuries do not rise to the level of a constitutional violation. *See* (ECF No. 89 at 4). However, Lasley's objections largely mirror the arguments presented in the Motion for Summary Judgment (ECF No. 70). Objections to the Magistrate Judge's Report are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate to this court particular errors in the magistrate judge's reasoning. *Derrick v. Berryhill*, No. CV 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018). Lasley has to done so here.

As the Magistrate Judge correctly concluded, the court cannot weigh the evidence or make credibility determinations at summary judgment. *U.S. v. Stephens*, 427 F. Supp. 3d 680, 684 (D.S.C. 2019); *See also Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (explaining summary judgment may not be granted where the affidavits present conflicting versions of the facts which require credibility determinations). Due to conflicting stories, a reasonable jury could find that Lasley violated Buckmon's rights if the jury credited Buckmon's testimony. Lasley has not shown that, a matter of law, he is entitled to summary judgment because he has not established either prong of a qualified immunity defense. *Pearson* 555 U.S. at 231 ("To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct.")

---

[2] No reasonable jury could find in Buckmon's favor based on the evidence before the [c]ourt.

## IV.  CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 83) and **DENIES** Lasley's Motion for Summary Judgment (ECF No. 70).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 14, 2020
Columbia, South Carolina